UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  Criminal No. 4:13-cr-0045-GHD-JMV-1
Civil No. 4:16-cv-00143-GHD

JOHN BUIE

---

ORDER DENYING DEFENDANT JOHN BUIE'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

The Court has before it Defendant John Buie's motion to correct sentence under 28. U.S.C. § 2255. [Doc. No. 31]. Having considered the matter, the Court finds the motion should be denied.

On February 18, 2014, this Court sentenced Buie to a term of 30 months' imprisonment for carjacking, in violation of 18 U.S.C. § 2119. The Court further sentenced Buie to a term of 84 months' imprisonment, to run consecutive to the bank robbery sentence, for brandishing a firearm during a violent crime – the carjacking– in violation 18 U.S.C. § 924(c). 18 U.S.C. § 924(c) imposes enhanced penalties for anyone who, "during and in relation to any crime of violence," uses or carries a firearm. It defines a "crime of violence" as:

> an offense that is a felony and--
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

In *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d (2015), the United States Supreme Court held that the residual clause of 18 U.S.C. § 924(e), which defined "violent felony" to include an offense that "involves conduct that presents a serious potential risk of

physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)(2012), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Buie argues that in light of the Supreme Court's holding, the similar language of § 924(c)(3)(B) is void for vagueness for the same reasons as § 924(e)(2)(B)(ii). Therefore, to be sentenced under § 924(c), carjacking must meet the definition of a crime of violence under the elements clause, § 924(c)(3)(A). He argues it does not, and his sentence should be vacated and he must be resentenced without the application of § 924(c).

In *United States v. Jones*, the Fifth Circuit confronted identical arguments – that the Supreme Court's holding in *Johnson* rendered § 924(c)(3)(B) and that carjacking is not a "crime of violence" – and held:

> Jones's argument that § 924(c)(3)(B) is unconstitutionally vague under *Johnson* is foreclosed by our *en banc* decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016). In *Gonzalez-Longoria*, we held that the definition of "crime of violence" found in 18 U.S.C. § 16(b) remains constitutional in the aftermath of *Johnson*. *Gonzalez-Longoria*, 831 F.3d at 675–77. The definition of "crime of violence" found in § 16(b) is identical to the definition found in § 924(c)(3)(B); therefore, the definition of "crime of violence" under § 924(c)(3)(B) is not unconstitutionally vague. *See United States v. Chapman*, 851 F.3d 363, 374–75 (5th Cir. 2017).
>
> Further, contrary to Jones's assertion, carjacking fits under the definition set forth in § 924(c)(3)(A)—it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 2119 provides that a person commits an offense when, "with the intent to cause death or serious bodily harm," he takes a motor vehicle "by force and violence or by intimidation." 18 U.S.C. § 2119. . . . Our own precedent, although in the bank robbery context, leads us to conclude that a crime that has as an element a taking "by force and violence or by intimidation" is a "crime of violence" under § 924(c)(3)(A).

*United States v. Jones*, 854 F.3d 737, 740 (5th Cir.), *cert. denied*, 138 S. Ct. 242, 199 L. Ed. 2d 155 (2017). Accordingly, the Court finds that Buie's carjacking conviction was appropriately classified as a "crime of violence", and therefore his sentence under § 924(c) was correct. The

Court **ORDERS** that Buie's 's motion to correct his sentence [Doc. No. 31] is **DENIED** and civil case no. 4:26-cv-143 is **CLOSED.**

    **SO ORDERED**, this, the 29ᵗʰ day of January, 2018.

                                                               SENIOR U.S. DISTRICT JUDGE